**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-81214-BLOOM/Valle**

BALTHAZAR MANAGEMENT, LLC,

    Plaintiff,

v.

BEALE STREET BLUES COMPANY, INC., *et al.*,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court upon Defendants Beale Street Blues Company, Inc. ("Defendant Beale, Inc."), Beale Street Blues Company – West Palm Beach, LLC, ("Defendant Beale WPB") Stewart Thomas Peters ("Defendant Peters"), and Todd Becker's ("Defendant Becker"),[1] Amended Motion for a New Trial and Renewed Motion for Judgment as a Matter of Law, ECF No. [336] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions and exhibits, the record and the applicable law, and is otherwise fully advised. For the reasons that follow, Defendants' Motion is denied.

**I.  BACKGROUND**

    This case arises from a dispute between Plaintiff Balthazar Management, LLC ("Balthazar" or "Plaintiff") and the Defendants related to the parties' endeavor to own and operate a restaurant in West Palm Beach, Florida, originally called "Lafayette's" and then changed to "Bowery Palm Beach" (the "Restaurant"). Following a three-week jury trial commencing on November 13, 2018, the jury returned verdict in favor of the Plaintiff on the following claims: civil conspiracy, violation

---

[1] For ease of reference, all defendants represented in the instant Motion shall be referred to collectively as "Defendants."

of partnership act, negligent misrepresentation, fraud, violation of Florida's Securities Investor Protection Act, and breach of contract. Related to these claims, damages were apportioned between the Defendants as follows:

    a. Defendant Beale Inc. = $250,000.00;

    b. Defendant Beale WPB = $50,000.00;

    c. Defendant Peters = $320,000.00; and

    d. Defendant Becker = $10,000.00.

The jury also returned a verdict in favor of Balthazar as to the civil theft claim. This claim, however, was only brought against Defendant Beale Inc. After trebling, the amount of damages awarded to Balthazar as to the civil theft claim was $870,000.00. The jury also returned a verdict in favor of Defendant Beale WPB as to its counterclaim of negligent representation. As to this claim the jury awarded Defendant Beale WPB $50,000.00. On December 6, 2018, the Court entered Final Judgment reflecting the jury awards. *See* ECF No. [332].

On December 11, 2018, Defendants filed the instant Motion, ECF No. [336]. In the Motion, the Defendants argue that 1) the verdict form used at trial was ambiguous; 2) the jury's finding of civil theft was against the manifest weight of the evidence; and 3) the intracorporate conspiracy doctrine precluded the jury's finding of liability as to the civil conspiracy claim.

## II. LEGAL STANDARD

"A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 – regardless of how the motion is styled by the movant – depending on the type of relief sought." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). A party cannot, however, use a post-judgment motion "to relitigate old matters, raise argument or present evidence that could have

been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Among other relief, a court may grant a new jury trial under Rule 59 "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt*, 267 F.3d at 1186); *see Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence."); *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999) (holding that, because a "less stringent standard applies to a motion for a new trial than to a motion for a judgment as a matter of law," the failure to meet the Rule 59 standard is fatal to the Rule 50(b) standard) (citation omitted).

Additionally, a motion for a new jury trial "may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward*, 311 U.S. at 251. Jury instructions merit a new trial where the instructions give the jury "a misleading impression or inadequate understanding of the law and the issues to be resolved." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003) (quoting *Stuckey v. Northern Propane Gas Co.*, 874 F.2d 1563, 1571 (11th Cir. 1989)); *see U.S. S.E.C. v. Big Apple Consulting*

3

*USA, Inc.*, 783 F.3d 786, 804 (11th Cir. 2015) (instructing that reversal on instructions only occurs where there is "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations") (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1260 (11th Cir. 2002)).

"[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her]." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006)). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999); *Steger*, 318 F.3d at 1081 (citing *Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1503 (11th Cir. 1985)) ("A district court is permitted wide discretion in considering a motion for new trial based on an erroneous jury instruction.").

### III. DISCUSSION

#### A. The Verdict Form

In the Motion, Defendants first argue that they are entitled to a new trial and for the judgment to be set aside because the verdict form was ambiguous. ECF No. [336], at 1-4. First, Defendants argue that there was an "inherent problem" with the way in which the verdict form was arranged. *Id.* Second, the Defendants claim that the jury initially conclusively found that there was an assumption of risk, and when the Court returned the verdict form to the jury, it was basically asking the jury "to change their minds." *Id.* at 2. Plaintiff responds that Defendants waived any objection to the verdict form because defense counsel failed to raise any objection until after the jury was discharged. ECF No. [347], at 10. Defendants responds that the "waivers need to be known to be effective." ECF No. [356], at 2. In their Reply, Defendants contend that while "[t]here is no question as to the amounts of each party's liability . . . there is simply no way

to understand whether the loss attributed to one defendant was the same loss attributed to any of the other defendants." ECF No. [356], at 2. Defendants also argue that "[a]lthough not expressly stated as such in the Amended Motion . . . the Court [should] at a minimum order a remittitur." *Id.* at 3.

"The district court is given wide discretion as long as the instructions and forms, considered as a whole, accurately portrayed the law, were sufficiently understood by the jury, and did not mislead the jury." *Parker v. Warden*, 546 F. App'x 859, 861 (11th Cir. 2013). "A party who fails to raise an objection to a verdict form interrogatory or jury instruction prior to jury deliberations waives its right to raise the issue on appeal." *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1329 (11th Cir. 1999). The party must object before the jury retires, "stating distinctly the matter objected to and the grounds of the objection," or the party waives the right to appeal. *Id.* (quotation omitted).

Federal Rule of Civil Procedure 51(c) sets forth the procedures that must be followed in order to preserve objections to jury instructions or verdict forms.

> (c) Objections.
> (1) A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection.
> (2) An objection is timely if:
> (A) a party that has been informed of an instruction or action on a request before the jury is instructed and before final jury arguments, as provided by Rule 51(b)(1), objects at the opportunity for objection required by Rule 51(b)(2); or
> (B) a party that has not been informed of an instruction or action on a request before the time for objection provided under Rule 51(b)(2) objects promptly after learning that the instruction or request will be, or has been, given or refused.

The Eleventh Circuit has interpreted Rule 51 strictly, requiring a party to clearly object to a jury instruction or jury verdict form prior to jury deliberations in order to preserve the issue on appeal. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999). A party who fails to

raise an objection to a jury instruction or verdict form prior to jury deliberations waives its right to raise the issue on appeal. *Id.* (citing *Wood v. Pres. of Spring Hill Coll.*, 978 F.2d 1214, 1221 (11th Cir.1992)).

In the present Motion, the Defendants for the first time argue that there was an "inherent problem" with the way the verdict form was arranged. The Court first notes that the parties collaborated extensively with the Court in the drafting of the verdict form that was ultimately given to the jury. Later, once the verdict form had been finalized, both parties approved of the verdict form and did not voice any objection as to its arrangement:

> **THE COURT**: I have now given you the corrected verdict form, if you will look at it and let me know if there are any changes before we proceed.
> . . .
> **MR. SASSON**: Looks fine to me.
>
> **MR. GRAFTON**: This is fine with the plaintiff.

ECF No. [339], at 96:2-10. Here, because Defendants did not object to the arrangement of the verdict form at trial, they have waived such argument. Indeed, the Defendants cannot raise issues such as the arrangement of the verdict form, which would have been apparent at trial, for the first-time in a post-judgment Motion. Further, Defendants' argument that they were not "aware" of the inherent issues with the verdict form until after the jury had returned a verdict is without merit. Defendants received, reviewed and approved of the verdict form prior to it being provided to the jury to use during its deliberations. The Defendants were not precluded from raising any issue as any alleged ambiguity of the verdict form at that time.

Counsel's second argument relating to the initial inconsistency with the jury's verdict is equally unavailing. "A verdict is inconsistent when there is no rational, non-speculative way to reconcile two essential jury findings." *Reider v. Philip Morris USA, Inc.*, No. 14-11494, 2015 WL 4256726, at *3 (11th Cir. July 15, 2015) (citation omitted). The solution in such a situation is to

either "direct the jury to further consider its answers and verdict, or order a new trial." *Id.* (citing Fed. R. Civ. P. 49(b)(3)-(4)) (further citations omitted).

Here, when the jury first returned the verdict and prior to its acceptance, the Court immediately noted that there was an inconsistency during a sidebar with the parties. At that time, the following exchange ensued:

> **THE COURT**: I'm not ready to accept this verdict for the following reason. And that is that there is a claim on behalf of the plaintiffs that the jury has answered yes, the defendants are liable for negligent misrepresentation, however, they also identified that assumption of risk was proven by a preponderance of the evidence and the inconsistency lies in question 4, that they found in favor of Balthazar. The other responses are consistent, but that is the inconsistency that the Court finds. So, as such, I can't receive the verdict and I want to note if there's any objection to the Court sending the jury back, letting them know of the inconsistency, and asking them to deliberate further with regard to this inconsistency.
>
> **MS. FALCE**: No objection, Your Honor.
>
> **THE COURT**: All right then.
>
> (Thereupon, the side-bar conference was concluded.)

ECF No. [340], at 3:24-4:13.

> The Court then gave the following instructions to the jury:
>
> **THE COURT**: Ladies and gentlemen, I thank you for your work thus far. However, the Court cannot receive the verdict as prepared and it relates to specifically one claim, and that is the claim on page 2, the negligent misrepresentation. You have made a determination that one or more of the defendants are liable for that claim, but as to question 3 you also determined that one of the defenses was proven on question 4, you then found in favor of Balthazar and you checked off that portion which would be an inconsistent verdict with regard to that claim. So I'm going to give the verdict form back to you . . . and I'm going to ask that you continue your deliberations with regard to your verdict.
>
> **JUROR**: Can we get some guidance?
>
> **THE COURT**: The guidance is found on the jury instructions.

ECF No. [340], at 4:16-5:7.

7

Exercising its discretion, the Court instructed the jury to continue its deliberations, rather than ordering a new trial. Although the Court instructed the jury to continue its deliberations, no limitation was placed on the additional deliberations. In fact, even when prompted by one of the jurors for further "guidance," the Court indicated that the guidance was "found in the jury instructions." ECF No. [340], at 5:6-7. The jury was, therefore, free to reconsider its entire verdict at that time.

While not addressed by the Defendants in their Motion, the Court made further efforts to objectively address the initial inconsistency rendered by the jury on the verdict form, in order to ensure that the jury was properly advised. Specifically, after the Court instructed the jury to continue their deliberations, it discovered that the jury instructions physically given to the jury did not include instructions for the affirmative defense of "assumption of risk" under the Plaintiff's claim for negligent misrepresentation.[2] The Court did, however, include the instructions relating to this affirmative defense when it read the instructions in open court. Prior to accepting a verdict from the jury, the Court addressed this issue on record stating

> **THE COURT**: After noting the inconsistency with regard to the negligent misrepresentation claim, it became apparent to the Court after reviewing the instructions back in chambers with the verdict form that I believe that the inconsistency is due to the instruction relating to the affirmative defense of assumption of risk found on page 24 of the jury instructions. When we had the issue relating to what needed to be taken out with regard to certain affirmative defenses applying to certain claims, the Court took out the claims of fraud and negligent misrepresentation and left breach of contract on page 24 and I believe that the – well, I know because I'm looking at the actual verbatim instructions that were given to the jury that state the defendants assert the affirmative defense of assumption of risk as a defense to Balthazar's claim of breach of contract. However, on the verdict form, found on page 3, there are two affirmative defenses, assumption of risk and contributory negligence, and it would appear that with regard to assumption of risk, that the jury should be properly instructed that they can consider that with regard to the negligent misrepresentation. I don't want to ask [Madame Court Reporter]

---

[2] The Court also notes that the instructions for assumption of risk were included elsewhere in the jury instructions. Specifically, the instruction was included under Plaintiff's claim for breach of contract, another claim in which the affirmative defense was raised.

> to go back on with regard to the instructions, but I believe that that was the instruction that was given to the jury before we came side-bar; is that correct?
>
> **MS. FALCE**: That's our understanding.
>
> **MR. ALMAGUER**: Yes, Your Honor.
>
> **THE COURT**: Then I would suggest that even though the jury has stated that they have reached a verdict, that the Court give them the entire instruction that would include the assumption of risk as a defense to Balthazar's claims of negligent misrepresentation which is not in the jury instructions. But the Court can now insert it, that would be consistent with what was read in open court. Is that agreed to by both sides?
>
> **MS. FALCE**: Yes, Your Honor.
>
> **MR. SASSON**: Yes, Your Honor.
>
> **THE COURT**: Then since that is the issue that the jury is being tasked with, is there any objection to just printing that one page, page 24 of the jury instructions, and to ask the court security officer to bring it into the jury room?
>
> **MS. FALCE**: No objection, Your Honor.
>
> **MR. SASSON**: No objection.

ECF No. [340], at 5:16-7:7. Again, Defendants had the opportunity to raise any objections to the Court's handling and/or the method in which the verdict's inconsistency was addressed. Defendants failure to object waived their ability to raise such issues after the jury had been discharged.

Lastly, As conceded by the Defendants in their Motion, Defendants now for the first time in its Reply argue that a remittitur may be appropriate. ECF No. [356], at 3. It is improper to raise an argument for the first time in a reply and the Court does not consider such argument. *See, e.g., Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotations omitted); *Willis v. DHL Global Customer Sols. (USA), Inc.*,

No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments).  The Plaintiff was not afforded the opportunity to respond to Defendants' arguments for a remittitur.  Accordingly, the Court will not consider this particular argument as it was untimely raised by the Defendants.  The Court disagrees with the Defendants that a new trial should is warranted on the basis that the verdict form was "ambiguous."  Thus, the Defendants' Motion on these grounds is, therefore, denied.

### B. The Verdict Relating to the Civil Theft Claim was Not Against the Great Weight of the Evidence

Defendants argue that the evidence supporting the civil theft claim was against the manifest weight of the evidence.  Specifically, Defendants claim that the facts, which supported "any claim of theft were exactly the same as the claim for the breach of contract . . . [and] the damages which were awarded by the jury for each claim included the very same monies."  ECF No. [336], at 4.  Defendants claim this required a judgment in favor of Defendant Beale, Inc. on the civil theft claim.  Remarkably, although the Defendants argue that the verdict was against the "manifest weight" of the evidence, they do not support this claim by any evidence or a single record citation from the three-week trial.

Moreover, even had the Defendants properly directed the Court to the record evidence, the Court is not empowered to order new trial merely because of its judgment that the greater weight of the evidence contradicts the jury finding.  *Watts v. Great Atlantic and Pacific Tea Co.,* 842 F.2d 307, 310 (11th Cir. 1988).  The Court can only order a new trial if it found that the jury verdict was contrary to the *great* weight of the evidence.  *Tucker v. Hous. Auth. of Birmingham Dist.* 229 Fed. Appx. 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the

10

evidence."). The Court, however, does not find that the great weight of the evidence contradicts the jury's verdict in the instant case.

Here, evidence was presented at trial that demonstrated that Defendants used the Restaurant's future credit card revenues as security to attain cash advances without the Plaintiff's knowledge. Karena Kefalas, Plaintiff's corporate representative, also testified that from December 2016 through January 2017, the credit and debit card revenue was specifically transferred from Defendant Beale Street-WPB's operating account into Beale Street Corporate's operating account without Plaintiff's knowledge. In light of this testimony that the Defendants engaged in the intentional concealment of and the transferring of the received credit card revenues, the Court finds that sufficient evidence was presented at trial that would support a reasonable jury's finding for the Plaintiff as to the civil theft claim.

Defendants also argue that the damages award awarded to Balthazar as to the civil theft claim was against the manifest weight of the evidence. Specifically, Defendants argue that that this "case involved 50:50 partners," and that the maximum damages award should have been half of the credit card revenue, which Defendants argue equals $126,851.00. ECF No. [336], at 5. Plaintiff responds that the Defendants too narrowly interpret the evidence considered by the jury as to this award. ECF No. [347], at 18-19. Specifically, Plaintiff asserts that in addition to the Restaurant's credit and debit card revenue, evidence was also presented that the Defendants obtained and used the services of Balthazar "including the resulting value from Balthazar's physical or mental labor or skill, as it relates to Balthazar's management of the day-to-day operations of the Restaurant, rebranding efforts, and all of the repairs or improvements Balthazar made to the Restaurant." *Id.* at 19. Here, the Court agrees that the Motion takes too narrow of a view regarding the evidence that was presented to the jury regarding the civil theft claim. The

issue of damages was for the jury to decide. The jury was free to give weigh the testimony presented at trial and determine what it deemed was the appropriate award. After a review of the evidence, which included not only the credit and debit card revenues, but also the substantial physical and mental labor performed by the representatives Balthazar, the Court finds that jury's award was supported by the evidence at trial.

Accordingly, the Court finds that the Defendants have not met their burden to support their claim that the jury's verdict on the civil theft claim was against the great weight of the evidence. The Motion is also denied on this basis.

### C. **The Intra-Corporate Conspiracy Doctrine**

Lastly, Defendants argue that the jury's finding of liability as to Defendants Beale Street, Beale WPB and Peters is "contrary to law." ECF No. [336], at 6. Again, without citing any evidence in support of their argument, Defendants contend that evidence presented at trial triggered the "intracorporate conspiracy doctrine" and thus negates the jury's finding as to the civil conspiracy claim. *Id.* Defendants' argument is two-fold. First, Defendants claim that Defendant Peters cannot be found liable for civil conspiracy because the "evidence showed that Mr. Peters was not acting in an individual capacity" and did not receive any "independent personal stake" separate and apart from the corporate entities. *Id.* Second, Defendants argue that since Defendant Beale Inc. and Beale WPB are "interrelated subsidiaries" they cannot be found to have conspired with one another. *Id.* Plaintiff responds that this argument is based on "bold factual mischaracterizations- made without citation to the record," and further that the evidence presented at trial directly conflicts with the representations made by the Defendants in their Motion. ECF No. [347], at 19-20. In their Reply, Defendants claim that the Plaintiff failed to "point to any evidence that shows that Mr. Peters received a personal independent stake apart from or separate

and distinct from the corporate entities." ECF No. [356], at 6.

Here, the Defendant seem to conflate who carries the burden in the instant Motion. As the moving party, it is the Defendants' burden to demonstrate that the evidence presented at trial precluded a finding of liability as to civil conspiracy. Notably, the Motion does not provide the Court with a single citation to any portion of the transcript from the three-week trial for the Court to consider. "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Posner, J.). "Likewise, district court judges are not required to ferret out delectable facts buried in a massive record." *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). District courts are not required to comb through the record looking for facts that the parties could have brought to its attention as such a practice "would shift the burden of sifting from [the parties] to the courts." *Id.* Accordingly, without citation to the record, the Defendants have failed to carry their burden to show that the evidence presented at trial precluded the jury's finding in favor of the Plaintiff as to the claim for civil conspiracy. Defendants' Motion on this basis is denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [336]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of April, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record