# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-81214-BLOOM/Reinhart

BALTHAZAR MANAGEMENT, LLC,

      Plaintiff,

v.

BEALE STREET BLUES COMPANY,
INC., *et al*.,

      Defendants.

_____/

## ORDER ON NOTICE OF SETTLEMENT AND JOINT MOTION FOR
## RULE 62.1 INDICATIVE ORDER REGARDING CONDITIONS OF SETTLEMENT

**THIS CAUSE** is before the Court upon the parties' Notice of Settlement and Joint Motion for Rule 62.1 Indicative Order Regarding Conditions of Settlement, ECF No. [400] ("Motion"). The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.      BACKGROUND

On November 13, 2018, a jury trial was held on all claims and the jury rendered its verdict on December 4, 2018. ECF No [330]. The Court then entered a Final Judgment consistent with the jury's verdict. ECF No. [332] ("Final Judgment"). On May 8, 2019, Defendants filed a Notice of Appeal in which they indicated their intent to appeal several of the Court's Orders, ECF Nos. [240], [241], [234], [337], and two of the Court's rulings made during trial. ECF No. [380].

During the pendency of the appeal, the Eleventh Circuit Court of Appeals ordered the parties to mediate. The parties did not settle this matter during the mediation, but they agreed to continue settlement discussions. On or about December 30, 2019, the parties agreed to the basic terms of a conditional global settlement. To proceed with their proposed settlement, the parties

filed an Amended Joint Motion to Stay All Proceedings Pending Finalization of Conditional Settlement in the appellate court, ECF No. [400-2], on January 8, 2020, which was granted on January 13, 2020. ECF No. [400-3]. On or about February 4, 2020, the parties formally executed a "Confidential Settlement Agreement" ("Settlement Agreement") that provides for a global resolution of all claims among the parties subject to the Court entering an indicative order. ECF No. [400]. Specifically, the parties assert that the Settlement Agreement is expressly conditioned upon the Court entering an order that does the following: (1) vacates the Final Judgment, ECF No. [332]; (2) releases the Appeal Bond, ECF No. [381], and orders the surety, Capital Indemnity Corporation, to pay the funds it now holds as security for the bond to the Shubin & Bass, P.A. trust account; and (3) retains jurisdiction for the limited purpose of enforcing the parties' Settlement Agreement, as necessary, for a limited time period not to exceed one hundred and eighty (180) days unless otherwise extended by the Court ("Conditions of Settlement"). ECF No. [400] at 1-2.

The parties represent that if an indicative order is entered consistent with the Conditions of Settlement, they "will file a Joint Motion for Limited Remand and Direction to Close Appeal Under Rule 12.1, Federal Rules of Appellate Procedure, and will then return to this Court for entry of an Order implementing the Conditions of Settlement." *Id.* at 2. Further, the Motion notes that upon satisfaction of all payment obligations under the Settlement Agreement, Plaintiff will file a notice of dismissal with prejudice. *Id.* at 3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 allows a district court to issue an indicative ruling on a pending motion that implicates issues under consideration on appeal. Specifically, Federal Rule of Civil Procedure 62.1 provides a limited exception to the general jurisdictional rule for motions filed after the filing of the notice of appeal. *See Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723–24 (11th Cir. 2016). The Rule provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> > (2) deny the motion; or
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The Advisory Committee Notes explain that Rule 62.1 "adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." *See id.* at advisory committee note to 2009 adoption. The Notes further explain that Rule 62.1 applies only when rules "deprive the district court of authority to grant relief without appellate permission." *Id.* "[T]he range of options provided by Rule 62.1 for addressing a post-appeal motion allows district judges sufficient flexibility to address a motion . . . without undermining the appellate court's resolution of the appeal." *Madura*, 655 F. App'x at 724.

It is through this lens that the Court considers the Motion.

## III.     DISCUSSION

The parties argue that the circumstances of this case warrant vacatur of the Final Judgment and the entry of an indicative order pursuant to Rule 62.1. *See* ECF No. [400] at 3-4. Specifically, they contend that "a district court's decision to vacate its prior judgment to effectuate the parties' settlement agreement satisfies the applicable 'exceptional circumstances' standard and is consistent with important public policy considerations favoring settlements." *Id.* (citing *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331 (11th Cir. 2016)). "The standards that govern vacatur of a judgment or order based on a settlement agreement are set out in *Hartford*[.]" *Russell-Brown v. Univ. of Fla.*, No. 1:09CV257-RH/GRJ, 2016 WL 9455126, at *1 (N.D. Fla. Oct. 21, 2016) (entering indicative ruling that judgment and other orders would be vacated, pursuant to *Hartford*, based on conditional settlement agreement between the parties

arising from circuit court-mandated mediation where vacatur was an essential term of the settlement).

In *Hartford*, the Eleventh Circuit Court of Appeals reversed the district court's denial of the parties' joint motion to vacate its prior orders where vacatur was an essential component of the parties' post-appeal conditional settlement following appellate court-mandated mediation. The Eleventh Circuit concluded that the district court abused its discretion because it misapplied the "exceptional circumstances" exception to the general rule that counsels against granting requests for vacatur made after the parties settle. *See* 828 F.3d at 1332 (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994)). The court explained that "courts determine the propriety of granting vacatur by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *Id.* at 1336.

In that case, "two unusual features of the settlement agreement . . . tip[ped] the scales decisively in favor of vacating" the orders in dispute: first, the settlement was reached after the appellate court ordered mediation and in which the agreement was expressly conditioned on the vacatur, and second, both parties "desire[d] vacatur because settlement would otherwise be impossible." *Id.* The court also expressly recognized that "the public interest is not served only by the preservation of precedent. Rather, the public interest is also served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts. When proper consideration is given to the interests of the parties, the judicial system, and the public taken together, vacatur may still prove an appropriate remedy even if the public's interest in the preservation of precedent is not affirmatively advanced when considered in isolation." *Id.* at 1337. *See also Pitterman v. Gen. Motors LLC*, No. 3:14-CV-00967 (JCH), 2018 WL 6435902 (D. Conn. Dec. 7, 2018) (granting joint motion for indicative

ruling under Rule 62.1 where the parties represented that they reached a conditional settlement contingent on the court vacating the judgment, verdict, and rulings that were on appeal before the Second Circuit following appellate court-ordered mediation).

Applying the requisite standards and giving full consideration of the interests of the parties, the judicial system and the public, the Court concludes that the circumstances are sufficiently exceptional to warrant vacatur. Here, as in *Hartford*, *Russell-Brown*, and *Pitterman*, the settlement at hand arose subsequent to the Eleventh Circuit's court-mandated mediation. Further, as in *Hartford*, *Russell-Brown*, and *Pitterman*, vacatur is an essential component of the Settlement Agreement. Moreover, the value of preserving precedent to the public interest generally is outweighed by the direct and substantial benefit of settling this case to the parties, to the judicial system, and thus to the public as well. *See Hartford*, 828 F.3d at 1336. The Court also agrees that retaining jurisdiction to enforce the Settlement Agreement for a period not to exceed one hundred eighty (180) days is appropriate. *See Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 672 (11th Cir. 2012). Accordingly, the Court states in this Indicative Ruling that upon remand from the Eleventh Circuit Court of Appeals, it would enter an order consistent with the Conditions of Settlement requested in the Motion.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Notice of Settlement and Joint Motion for Rule 62.1 Indicative Order Regarding Conditions of Settlement, **ECF No. [400]**, is **GRANTED**. If the case is remanded for the purpose of enforcing the Settlement Agreement, an order will be entered that (1) vacates the Final Judgment, ECF No. [332]; (2) releases the Appeal Bond, ECF No. [381], and orders the surety, Capital Indemnity Corporation, to pay the funds it now holds as security for the bond to the Shubin & Bass, P.A. trust account; and (3) retains jurisdiction for the limited purpose of enforcing the parties' Settlement Agreement, as necessary,

for a limited time period not to exceed one hundred and eighty (180) days unless otherwise extended by the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 5, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record